## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALYCIA ROBERTS on behalf
Of JW, a Minor,

    Plaintiff,

v.            Case No. 14-13194
              Honorable Denise Page Hood

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

    Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

   This matter is before the Court on Magistrate Judge Elizabeth A. Stafford's

Report and Recommendation on Plaintiff Alycia Robert's Motion for Summary

Judgment [**Docket No. 19, filed February 26, 2015**] and Defendant

Commissioner's Motion for Summary Judgment [**Docket No. 20, filed March 25,

2015**].  Neither Plaintiff nor Defendant filed an objection to the Report and

Recommendation**.**  For the reasons stated below, the Court **ADOPTS** the

Magistrate Judge's Report and Recommendation in its entirety [**Docket No. 22,

filed July 23, 2015**].  Plaintiff's Motion for Summary Judgment is **GRANTED**

and Defendant's Motion for Summary Judgment is **DENIED**.

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion.  *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984)).  The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference.  *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).  A district court's review of an ALJ's decision is not a *de novo* review.  The district court may not resolve conflicts in the evidence nor decide questions of credibility.  *Garner*, 745 F.2d at 397.  The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion.  *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Remand is appropriate under sentence four of 42 U.S.C. § 405(g) since the ALJ failed to develop the factual record on which the decision denying disability benefits rests.  The Supreme Court  recognizes only two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g).  *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990).  The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances

2

under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id*. A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

"[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). "An

'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A party's failure to file any objections waives his or her right to further appeal, *see Smith*, 829 F.2d at 1373, and relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that the ALJ erred by relying on J.W.'s treating physician, Dr. Cecilia Astorga-Switzer's, incomplete evaluation in reaching his decision after representing to Plaintiff that he would obtain an evaluation from Dr. Astorga-Switzer before making a decision. The Magistrate Judge reviewed the ALJ's findings and the record thoroughly in reaching her conclusion. The Court also agrees with the Magistrate Judge that the ALJ's decision was not supported by the record, given that the medical records describe symptoms much more severe than those that the ALJ identifies. The Magistrate Judge set forth specific examples of how the ALJ's findings were not supported by the record.

4

The Court further agrees with the Magistrate Judge that the ALJ should obtain updated records from J.W.'s treating providers and from his school, and allow Roberts additional time to obtain counsel if she so wishes.

The Court notes that the Magistrate Judge also notified the parties of their right to "seek review of this Report and Recommendation" and reminded them of the timeline in which to do so. As previously stated, neither Plaintiff nor Defendant have filed any objections to the Magistrate Judge's July 23, 2015, Report and Recommendation. The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Elizabeth A. Stafford **[Docket No. 22, filed July 23, 2015]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Docket No. 19, filed February 26, 2015]** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner's Motion for Summary Judgment **[Docket No. 20, filed March 25, 2015]** is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** for further proceedings under Sentence Four.

**IT IS SO ORDERED**.


s/Denise Page Hood
Denise Page Hood
United States District Judge


Dated:  September 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager